IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAHA SMITH, | No. C 05-02018 TEH |
| Plaintiff, | |
| v. | **ORDER** |
| DHL EXPRESS (USA) INC., | |
| Defendant. | |

This matter came before the Court on Monday, November 14, 2005, on Petitioner's Petition to Vacate Arbitration Award and for Rehearing. Having carefully considered the parties' written and oral arguments, and the record herein, the Petition is DENIED and this case is dismissed with prejudice.

A. <u>BACKGROUND</u>

Plaintiff, Deboraha Smith ("Smith"), originally filed an action in San Mateo Superior Court against her employer, Airborne Express, Inc. ("Airborne"). The parties subsequently entered into a "Post-Dispute Agreement to Arbitrate." Pursuant to this agreement, the parties agreed to have the Hon. Cecily Bond of JAMS (a retired Sacramento County Superior Court judge) preside over an arbitration of Plaintiff's claims. After conducting discovery, the parties further agreed to submit a pre-arbitration summary judgment motion to Judge Bond.

On January 27, 2005, Judge Bond granted summary judgment for Airborne. On May 9, 2005, Smith filed the instant Petition to Vacate a Contractual Arbitration Award in San Francisco Superior Court. Thereafter, the Defendant, now denominated as DHL Express (USA), Inc. ("DHL"),[1] removed the action to this Court on grounds of diversity jurisdiction. The case is currently before the Court on Smith's petition to vacate Judge Bond's award in favor of Airborne/DHL. Notably, Smith failed to file any reply papers in this matter.

B. DISCUSSION

Smith's Petition to Vacate asserts that the Arbitrator's award should be vacated under California Code of Civil Procedure §1286.2. This provision narrowly limits parties to four potential grounds for attacking an arbitration award, and unless one of these four grounds is established, the award is immune from judicial review. *Moncharsh v. Heily & Blase*, 3 Cal. 4th 1, 12-1, 27-28 (1992). Smith invokes the fourth ground – that the arbitrator "refused to hear or consider evidence material to the controversy." Calif. Code of Civil Procedure § 1286.2(e).

The record, however, plainly fails to support this assertion. First, Judge Bond's ruling itself states that she has "read and considered all points and authorities, declarations and other materials submitted in support and in opposition to said Motion" and has "considered the arguments of counsel." *See* McInerney Decl., Exh. I at 1. Smith does not dispute that Judge Bond heard oral argument from the parties for over one hour by telephone.

Second, Smith fails to establish that Judge Bond refused to hear any specific item of evidence. Smith argues at length that Judge Bond "obviously disregarded" Smith's "extensive and exhaustive deposition testimony and her Declaration in opposition to said Motion for Summary Judgment" because, in Smith's view, this evidence warranted a different result in her underlying case. *See e.g.* Smith's Mem. in Support of Petition to

---

[1] Airborne merged with DHL, and DHL is the only surviving operating entity.

Vacate Arbitration Award at 7-10.  The record, however, is bereft of any basis for finding that Judge Bond refused to hear any evidence material to the controversy.  Rather, Judge Smith's ruling indicates that she considered the evidence but rejected Smith's position on the merits.  Needless to say, rejecting evidence is not the same as refusing to consider it.  While Smith may vigorously disagree with Judge Bond's decision, this is plainly not grounds for reviewing or vacating the award.  *Morris v. Zuckerman*, 69 Cal. 2d 686, 691 (1968) ("'[n]either the merits of the controversy. . . nor the sufficiency of the evidence to support the arbitrator's award are matters for judicial review'").

Petitioner also argues that Judge Bond erroneously concluded that Smith conceded her tenth cause of action in her underlying complaint.  Even if this were true, which seems highly unlikely based on the record before the Court, it would not be grounds for vacating the award since this Court does not have jurisdiction to review the substance of the award for error.  *Moncharsh*, 3 Cal. 4th at 11; *Morris*, 69 Cal. 2d at 691.

In sum, Smith's petition is essentially an attempt to reargue the merits of the underlying case.  As such, Smith has failed to establish any basis for vacating the Arbitrator's award under California Civil Code § 1286.2.  Accordingly, the petition must denied.

C. CONCLUSION

For the reasons set forth above, and good cause appearing, it is HEREBY ORDERED that Smith's Petition to Vacate Arbitration Award and for Rehearing is DENIED, and this case is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:       November 14, 2005

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

3